FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2015 OCT 19 P 4: 26

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SARAH THRUL f/k/a SARAH TEWALT, | : |
| Plaintiff, | : |
| v. | : |
| LANDMARK PROPERTY SERVICES, INC., | : |
| SERVE: Richard L. Hurlbert, Jr.<br>Registered Agent<br>Two James Center<br>1021 E. Cary St., Ste. 1400<br>Richmond, VA 23219 | : |
| RENAISSANCE MAYFAIR, LP | : |
| SERVE: Richard L. Hurlbert, Jr.<br>Two James Center<br>1021 Cary Street, Ste. 1400<br>Richmond, VA 23219 | : |
| M.T.G. PROCESS SERVERS, LLC | : |
| SERVE: Michael T. Gwaltney, Sr.<br>1301 N. Hamilton St, Ste. 201<br>Richmond, Virginia 23230 | : |
| Defendants. | : |

Civil Action No.

3:15cv623
JAG

## COMPLAINT

COMES NOW the Plaintiff, Sarah Thrul f/k/a Sarah Tewalt ("Plaintiff"), by counsel, and as for her Complaint against the Defendants, she alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

("FDCPA"), the Virginia Consumer Protection Act of 1977 ("VCPA"), and Virginia common law.

## JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k, 28 U.S.C. § 1331 and § 1367.

## PARTIES

3. Plaintiff is a natural person who resides in the Commonwealth of Virginia and at all times relevant to this Complaint is a "consumer" as that term is defined by the FDCPA.

4. Defendant Landmark Property Services, Inc. ("Landmark") is a Virginia corporation with its headquarters and principal place of business located in Richmond, Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia.

5. Defendant Renaissance Mayfair, LP ("Renaissance") is a Virginia limited partnership that regularly conducts business in the Commonwealth of Virginia.

6. Defendant M.T.G. Process Servers, LLC ("MTG") is a Virginia limited liability company located in Richmond, Virginia.

## STATEMENT OF FACTS

7. In or around mid-2012, Plaintiff applied to rent an apartment at Renaissance Mayfair Apartments in Virginia Beach, Virginia.

8. Shortly after submitting her application to Defendant Renaissance, Plaintiff decided that she wanted to live elsewhere.

9. Plaintiff never entered into a lease agreement with Defendant Renaissance.

10. Plaintiff never lived at the property owned by Defendant Renaissance.

11. At a later date, Defendant Renaissance decided to initiate legal proceedings against the individual that ultimately did lease the apartment that the Plaintiff had applied for.

12. Defendant Renaissance referred the allegedly defaulted lease to Defendant Landmark and authorized it to collect the allegedly unpaid rent and/or other amounts owed and to file eviction proceedings.

13. Specifically, Defendant Renaissance instructed Defendant Landmark to sue the Plaintiff knowing full well that she never signed a lease agreement, made a single payment, or lived there.

14. Without even confirming that Plaintiff had a legal obligation, and in complete violation of Virginia Code 8.01-271.1, Defendant Landmark attempted to collect the unpaid amount rent amount from Plaintiff, despite that she was not a party to the lease agreement and had never lived at the Renaissance Mayfair Apartments.

15. For example and without limitation, Defendant Landmark filed a Summons for Unlawful Detainer against Plaintiff in Virginia Beach General District Court on October 20, 2014.

16. In this unlawful detainer action, Defendant Landmark sought allegedly unpaid rent in the amount of $823, plus $82.30 in late fees, a $25.00 returned check fees, $54.00 costs, and interest from the date of judgment from Plaintiff.

17. After filing the unlawful detainer action, Defendant Landmark used Defendant MTG, a private process server, to serve the unlawful detainer summons on Plaintiff in an attempt to collect a debt.

18. Defendant MTG was paid money to accomplish correct and proper legal service upon the Plaintiff.

19. Defendant MTG "served" Plaintiff by posting the summons on the door of the Renaissance Mayfair Apartment, where Plaintiff had never lived.

20. MTG promotes itself on its website as being a "far better alternative" to the local sheriff's department because [it] "outweighs them in service area, information, and affordability".

21. MTG also states that its staff is "hard-working, dependable, and honest".

22. Notwithstanding these characterizations of itself, MTG's hard-working, dependable, and honest staff did not undertake any effort to determine through any of the variety of electronic databases available to it where Plaintiff actually lived before attempting to serve her by "posted service".

23. Had MTG done so, including even a cursory "Accurint People Search" for approximately 25 cents, it would have learned that Plaintiff never lived at the apartment.

24. Defendant MTG never attempted to hand deliver process upon the Plaintiff so that she would have the right to defend herself in court.

25. The effort involved in locating a defendant and hand delivering process is a more expensive undertaking than taping a piece of paper to a door.

26. The Virginia Beach sheriff's department is capable of taping a piece of paper to a door without a substantive effort to determine whether that door is the entrance to an individual's "place of abode".

27. At the time that it attempted service upon the Plaintiff, and despite the sworn statement in its affidavit, Defendant MTG had no actual information as to whether the address that it used when posting service was genuinely Plaintiff's place of abode.

28. After this improper "service," Defendant Landmark obtained a default judgment against the Plaintiff.

29. In obtaining this default judgment, Defendant Landmark, through its agent MTG, posted a "Material Noncompliance Notice for Failure to Pay Rent" on the publicly accessible front door of this apartment and it also placed this document into the public record at the Virginia Beach General District Court.

30. After posting the document on the front door of the apartment, this document then made its way into the hands of various members of the public.

31. This document contained Plaintiff's full, unredacted social security number.

32. Through these actions, Defendants Landmark and MTG made Plaintiff's social security number part of the public record and available to the general public in violation of Virginia law.

33. As a result of the Defendants' actions, the Plaintiff has incurred and continues to incur actual damages.

## COUNT ONE:
### Violation of 15 U.S.C. § 1692d
### (Claim against Defendant Landmark)

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35. Defendant Landmark violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include, but are not limited to, abusing and harassing the Plaintiff.

36. As a result of the actions taken by Defendant Landmark, Plaintiff has incurred and continues to incur actual damages.

37. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT TWO:
### Violation of 15 U.S.C. § 1692e
### (Claim against Defendants Landmark and MTG)

38. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

39. Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by their actions, which include, but are not limited to, using false, deceptive, or misleading representations or means in connection with the collection of a debt.

40. As a result of these actions taken by the Defendants, the Plaintiff has incurred and continues to incur actual damages.

41. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendants, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### COUNT THREE:
### Violation of 15 U.S.C. § 1692e(2)
### (Claim Against Defendant Landmark)

42. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

43. Defendant Landmark violated 15 U.S.C. § 1692e(2) by its actions, which include making false representations about the character, amount, or legal status of a debt.

44. As a result of Defendant Landmark's alleged conduct, action, and inaction, the Plaintiff has incurred and continues to incur actual damages.

45. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
### Violation of 15 U.S.C. § 1692e(10)
### (Claim against Defendants Landmark and MTG)

46. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

47. Defendants violated 15 U.S.C. § 1692e(10) in their actions, including using false representations and deceptive means to collect a debt or obtain information about a consumer.

48. As a result of the Defendants' alleged conduct, action, or inaction, the Plaintiff has incurred and continues to incur actual damages.

49. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendants, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
### Violation of 15 U.S.C. § 1692f
### (Claim against Defendants Landmark and MTG)

50. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

51. The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by their actions, which include, but are not limited to, using unfair means to collect or to attempt to collect a debt.

52. As a result of these actions taken by the Defendants, Plaintiff has incurred and continues to incur actual damages.

53. Plaintiff is therefore entitled to an award of actual and statutory damages against the Defendants, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
### Violation of 15 U.S.C. § 1692f(1)
### (Claim against Defendant Landmark)

54. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

55. Defendant Landmark violated 15 U.S.C. §1692f(1) with its actions, including attempts to collect any amount not authorized by the agreement creating the debt or permitted by law.

56. As a result of the actions taken by Defendant Landmark, Plaintiff has incurred and continues to incur actual damages.

57. Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVEN:
### Fraud
### (Claim against Defendants Renaissance and Landmark)

58. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

59. Plaintiff alleges a cause of action for actual and/or constructive fraud against Defendants Renaissance and Landmark under the common law of the Commonwealth of Virginia.

60. Defendant Landmark, acting at the direction of Defendant Renaissance, made a material false representation in the Summons for Unlawful Detainer action that it filed in the Virginia Beach General District Court, including but not limited to, that Plaintiff owed back rent to Defendant Renaissance, despite the fact that Plaintiff never signed a lease with Defendant Renaissance.

61. Defendants Renaissance and Landmark intentionally made these misrepresentations with the intent to mislead.

62. As a result of Defendants' misrepresentations, Plaintiff suffered injury and is entitled to recover actual damages and costs against Defendants Renaissance and Landmark.

63. Plaintiff also suffered and continues to suffer substantial damages for the damage to her reputation, her time and her ongoing distress over the subject debt.

64. Additionally, because Defendants' actions were willful and with knowledge of their untruthfulness or with conscious disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages against Defendants Renaissance and Landmark.

### COUNT EIGHT:
### Virginia Abuse of Process
### (Claim Against Defendants Renaissance and Landmark)

65. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

66. Defendant Landmark's filing of the unlawful detainer action against Plaintiff, for the benefit of, and at the authorization and direction of Defendant Renaissance, was accomplished with the improper motive and purpose of obtaining a judgment on a debt that they knew was not actually owed by the Plaintiff and was accomplished through the fraudulent

representation that Plaintiff owed back rent for an apartment unit that she never leased, lived in, or agreed to be held financially responsible for.

67. Defendants Renaissance and Landmark conducted themselves in this manner with intent to defraud and with legal and actual malice as to the Plaintiff and to the Virginia Beach General District Court, in clear violation of Virginia Code 8.01-271.1. The Plaintiff is therefore entitled to and Defendants Renaissance and Landmark are obligated to pay punitive damages to the Plaintiff.

68. As a result of Defendants' abuse of process, the Plaintiff suffered and continues to suffer actual damages.

69. Plaintiff is therefore entitled to an award of punitive and actual damages against Defendants Renaissance and Landmark, as well as her reasonable attorney's fees and costs, pursuant to Virginia law.

## COUNT NINE:
### Violation of the Virginia Consumer Protection Act, Va. Code § 59.1-200, *et seq.*
### (Claim Against Defendants Renaissance, Landmark and MTG)

70. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

71. Each of the Defendants violated the Virginia Consumer Protection Act, § 59.1-200(A)(43) when they either directly communicated or authorized others to communicate Plaintiff's social security number to the general public by their actions, which include, but are not necessarily limited to, taping a document containing Plaintiff's full social security number to the door of a publicly accessible apartment and, further, by placing this information into the public record at the courthouse.

72. Defendants' actions were willful and purposefully taken in an effort to collect money.

73. As a result of Defendants' actions, the Plaintiff suffered and continues to suffer actual damages.

74. Plaintiff is therefore entitled to an award of statutory, actual, and treble damages against each of the Defendants, as well as her reasonable attorney's fees and costs, pursuant to Virginia law.

WHEREFORE, Plaintiff seeks an award of actual damages, statutory damages, punitive damages, and attorney's fees and costs against the Defendants; and any other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**SARAH THRUL**

By_____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com
casey@clalegal.com