**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| SARAH THRUL f/k/a SARAH TEWALT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 3:15-cv-623 |
| | : | |
| LANDMARK PROPERTY | : | |
| SERVICES, INC. | : | |
| | : | |
| and | : | |
| | : | |
| RENAISSANCE MAYFAIR, LP | : | |
| | : | |
| Defendants. | : | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Sarah Thrul f/k/a Sarah Tewalt ("Plaintiff"), by counsel, and as for her First Amended Complaint against the Defendants, she alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Virginia Consumer Protection Act of 1977 ("VCPA"), and Virginia common law.

## JURISDICTION

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k, 28 U.S.C. § 1331 and § 1367.

## PARTIES

3.      Plaintiff is a natural person who resides in the Commonwealth of Virginia and at all times relevant to this Complaint a "consumer" as that term is defined by the FDCPA.

4.      Defendant Landmark Property Services, Inc. ("Landmark") is a Virginia corporation with its headquarters and principal place of business located in Richmond, Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia.

5.      Defendant Renaissance Mayfair, LP ("Renaissance") is a Virginia limited partnership that regularly conducts business in the Commonwealth of Virginia.

## STATEMENT OF FACTS

6.      In or around mid-2012, Plaintiff applied to rent an apartment at Renaissance Mayfair Apartments in Virginia Beach, Virginia.

7.      This apartment complex is owned by Defendant Mayfair and managed by Defendant Landmark.

8.      Shortly after submitting her application to Defendant Renaissance, Plaintiff decided that she wanted to live elsewhere and withdrew her application.

9.      At the time that she withdrew her application, Plaintiff went to the leasing office and spoke to a leasing agent, who confirmed that her application was withdrawn and told Plaintiff that she would not be liable to Defendant Renaissance for any rent due on the apartment.

10.     Upon information and belief, the leasing agent was either employed by Defendant Renaissance or was a Landmark employee who was acting as Defendant Renaissance's agent.

11.     Plaintiff relied on the leasing agent's representation and assumed that the application was withdrawn and that she would not be liable for any rent due on the apartment.

12.     Plaintiff never entered into a lease agreement with Defendant Renaissance.

13.     Plaintiff never lived at the property owned by Defendant Renaissance.

14.     At a later date, Defendant Renaissance decided to initiate legal proceedings against the individual that ultimately did lease the apartment that the Plaintiff had applied for.

15.     Defendant Renaissance referred the allegedly defaulted lease to Defendant Landmark and authorized it to collect the allegedly unpaid rent and/or other amounts owed and to file eviction proceedings.

16.     Specifically, and despite its representation to the Plaintiff that she would not be liable for any rent due on the apartment, Defendant Renaissance instructed Defendant Landmark to sue the Plaintiff, knowing full well that she never signed a lease agreement, made a single payment, or lived there.

17.     Acting at the direction of Defendant Renaissance, Defendant Landmark attempted to collect the unpaid rent amount from Plaintiff, despite the fact that she was not a party to the lease agreement and had never lived at the Renaissance Mayfair Apartments.

18.     For example and without limitation, Defendant Landmark, acting on behalf of Defendant Renaissance, filed a Summons for Unlawful Detainer against Plaintiff in Virginia Beach General District Court on October 20, 2014.

19.     In this unlawful detainer action, Defendant Landmark, pursuant to Defendant Renaissance's instructions, sought allegedly unpaid rent in the amount of $823, plus $82.30 in late fees, a $25.00 returned check fees, $54.00 costs, and interest from the date of judgment from Plaintiff.

20.     After filing the unlawful detainer action, Defendant Landmark attempted to serve the unlawful detainer summons on Plaintiff at the Mayfair apartment complex—where Plaintiff had never lived.

21.     Once the unlawful detainer summons was "served," Defendant Landmark obtained a default judgment in favor of Defendant Renaissance and against the Plaintiff.

22.     Additionally, in or around October or November 2014, Defendant Landmark, acting at the direction of Defendant Renaissance, intentionally filed a "Material Noncompliance Notice for Failure to Pay Rent" with the Virginia Beach General District Court.

23.     This document contained Plaintiff's full, unredacted social security number.

24.     Through these actions, Defendants Renaissance and Landmark made Plaintiff's social security number part of the public record and available to the general public in violation of Virginia law.

25.     Additionally, Defendants' actions caused Plaintiff's social security number to be provided to various members of the public.

26.     As a result of Defendants' actions, the Plaintiff has incurred and continues to incur actual damages.

**COUNT ONE:**
**Violation of 15 U.S.C. § 1692d**
**(Claim against Defendant Landmark)**

27.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

28.     Defendant Landmark violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d by its actions, which include, but are not limited to, abusing and harassing the Plaintiff.

29.     As a result of the actions taken by Defendant Landmark, Plaintiff has incurred and continues to incur actual damages.

30.     Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
### Violation of 15 U.S.C. § 1692e
### (Claim against Defendant Landmark)

31.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

32.     Defendant Landmark violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e by its actions, which include, but are not limited to, using false, deceptive, or misleading representations or means in connection with the collection of a debt.

33.     As a result of these actions taken by Defendant Landmark, the Plaintiff has incurred and continues to incur actual damages.

34.     Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
### Violation of 15 U.S.C. § 1692e(2)
### (Claim Against Defendant Landmark)

35.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

36.     Defendant Landmark violated 15 U.S.C. § 1692e(2) by its actions, which include making false representations about the character, amount, or legal status of a debt.

37.     As a result of Defendant Landmark's alleged conduct, action, and inaction, the Plaintiff has incurred and continues to incur actual damages.

38.     Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FOUR:**
**Violation of 15 U.S.C. § 1692e(10)**
**(Claim against Defendant Landmark)**

39.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

40.     Defendant Landmark violated 15 U.S.C. § 1692e(10) in its actions, including using false representations and deceptive means to collect a debt or obtain information about a consumer.

41.     As a result of Defendant Landmark's alleged conduct, action, or inaction, the Plaintiff has incurred and continues to incur actual damages.

42.     Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FIVE:**
**Violation of 15 U.S.C. § 1692f**
**(Claim against Defendant Landmark)**

43.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

44.     Defendant Landmark violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f by its actions, which include, but are not limited to, using unfair means to collect or to attempt to collect a debt.

45.     As a result of these actions taken by Defendant Landmark, Plaintiff has incurred

and continues to incur actual damages.

46.     Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SIX:
### Violation of 15 U.S.C. § 1692f(1)
### (Claim against Defendant Landmark)

47.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

48.     Defendant Landmark violated 15 U.S.C. §1692f(1) with its actions, including attempts to collect any amount not authorized by the agreement creating the debt or permitted by law.

49.     As a result of the actions taken by Defendant Landmark, Plaintiff has incurred and continues to incur actual damages.

50.     Plaintiff is therefore entitled to an award of actual and statutory damages against Defendant Landmark, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT SEVEN:
### Fraud
### (Claim against Defendants Renaissance and Landmark)

51.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

52.     Plaintiff alleges a cause of action for fraud against Defendants Renaissance and Landmark under the common law of the Commonwealth of Virginia.

53.     Defendant Renaissance, or Defendant Landmark acting as Defendant Renaissance's agent, made a materially false representation to the Plaintiff through its leasing representative that it would not consider her contractually obligated on the apartment that was the subject of her (ultimately withdrawn) application unless she signed a lease.

54.     This statement was made to Plaintiff in or around August or September of 2012.

55.     Plaintiff relied on this statement to her detriment and submitted the application.

56.     The statement made by Defendant Renaissance, or Defendant Landmark acting as Defendant Renaissance's agent, was false.

57.     Plaintiff did not sign a lease.

58.     Neither of the Defendants destroyed the Plaintiff's applications that contained her personal financial information and social security number.

59.     The Defendants filed a General District Court action against the Plaintiff claiming that she was contractually obligated on the apartment.

60.     As a result of the misrepresentation, Plaintiff suffered injury and is entitled to recover actual damages and costs against Defendants.

61.     Plaintiff also suffered and continues to suffer substantial damages for the damage to her reputation, her time and her ongoing distress over the subject debt.

62.     Additionally, because Defendants' actions were willful and committed with conscious disregard for Plaintiff's rights, Plaintiff is entitled to an award of punitive damages against Defendants Renaissance and Landmark.

**COUNT EIGHT:**
**Violation of the Virginia Consumer Protection Act, Va. Code § 59.1-200, *et seq*.**
**(Claim Against Defendants Renaissance and Landmark)**

63.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

at length herein.

64.     Defendants Renaissance and Landmark violated the Virginia Consumer Protection Act, § 59.1-200(A)(43) when they intentionally and directly communicated or authorized others to communicate Plaintiff's social security number to the general public by their actions, which include, but are not necessarily limited to, filing a document containing Plaintiff's full social security number at the Virginia Beach General District Court courthouse.

65.     Defendants' actions were willful and purposefully taken in an effort to collect money.

66.     As a result of Defendants' actions, the Plaintiff suffered and continues to suffer actual damages.

67.     Plaintiff is therefore entitled to an award of statutory, actual, and treble damages against each of the Defendants, as well as her reasonable attorney's fees and costs, pursuant to Virginia law.

WHEREFORE, Plaintiff seeks an award of actual damages, statutory damages, punitive damages, and attorney's fees and costs against the Defendants; and any other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**SARAH THRUL**


By_____/s/_____
                Of Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:     (703) 273-7770
Fax:     (888) 892-3512
matt@clalegal.com
casey@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2015, I electronically filed the foregoing document using the Court's CM/ECF system, which sent notification of such filing to:

Donald E. Morris
Law Office Antony K. Jones
3957 Westerre Pkwy, Suite 320
Richmond, VA 23233
Tel:    804-934-2682
Fax:    312-894-3548
Email: donald.morris@cna.com

*Counsel for Landmark Property Services, Inc.*

James L. Hoyle
Kalbaugh Pfund & Messersmith PC
901 Moorefield Park Dr., Suite 200
Richmond, VA 23236
Tel:    (804) 521-6446
Fax:    (804) 320-6312
Email: lee.hoyle@kpmlaw.com

*Counsel for Renaissance Mayfair, LP*

Richard J. Knapp
Richard J. Knapp PC
2800 Patterson Ave., Suite 101
Richmond, VA 23221-1709
Tel:    (804) 377-8848
Fax:    (804) 377-8851
Email: richard@rknappesq.com

*Counsel for M.T.G. Process Servers, LLC*

_____/s/_____
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
casey@clalegal.com