IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SARAH THRUL f/k/a SARAH TEWALT ) | |
| ) | |
| Plaintiff, ) | |
| -vs.- ) | |
| ) | Civil Action No:3:15CV623 JAG |
| ) | |
| LANDMARK PROPERTY SERVICES, ) | |
| INC., et al. ) | |
| ) | |
| Defendants ) | |

**MTG PROCESS SERVERS, LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT MTG PROCESS SERVERS, LLC'S MOTION TO DISMISS**

Defendant M.T.G PROCESS SERVERS, LLC (hereinafter "M.T.G.") by and through its undersigned counsel, files this *Reply to Plaintiff's Memorandum of Law in Opposition to M.T.G.'s* and states as follows:

1.   In support thereof, M.T.G. has demonstrated through its Motion previously filed herein that this Complaint was filed in express violation of 15 U.S.C. 41 – Consumer Credit Protection, et seq., specifically 15 U.S.C. § 1962a(6)(D), 15 U.S.C. § 1601 and Virginia Code § 59.1-199(C), and as upheld by applicable case law as set forth herein.

2.   Plaintiff, voluntarily engaged this court seeking damages allegedly caused by M.T.G. pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962, *et seq.,* and the Virginia Consumer Protection Act of 1977 (VCPA), VA Code § 59.1-196. (Complaint at ¶1)

3.   Specifically, Plaintiff alleged "Defendant Landmark used M.T.G., a private process server to serve the unlawful detainer summons...[M.T.G.] served Plaintiff by posting the summons on the door of the Renaissance Mayfair Apartment [as instructed by Landmark]." (Complaint at ¶¶17-19)

4. Plaintiff acknowledged that M.T.G. was not hired as a skip tracer to locate or verify Plaintiff's current address. (Complaint at ¶22)

5. In their Complaint, Plaintiff alleged 4 Counts against M.T.G. Process Servers, Inc. – and it is undisputed that M.T.G. is not a debt collector:

    a. **COUNT TWO - 15 U.S.C. §1692(e)**: that holds in part:

    A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…

    b. **COUNT FOUR - 15 U.S.C. §1692(e)10**: that holds in part:

    A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    c. **COUNT FIVE - 15 U.S.C. §1692(f)**: that holds in part:

    A *debt collector* may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    d. **COUNT NINE – Violation of the Virginia Consumer Protection Act, Va. Code §59.1-200,** *et seq*. that holds in part:

    **§59.1-199** – Exclusions. Nothing in this chapter shall apply to:

    C. Those aspects of a consumer transaction which are regulated by the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. (See a – c above for exclusions).

    Even a cursory reading of the statutes illustrates that the relief Plaintiffs seek under 15 U.S.C. § 1692 – is found under 15 U.S.C. Section 41, Consumer Credit Protection; and the process server exclusions apply.

6. In their Opposition to M.T.G's *Motion to Dismiss for Failure to State a Claim*, and in an effort to avoid a potential award of attorney's fees specifically allowable under FDCPA statutes and prevailing case law, Plaintiff takes contrary and mutually exclusive positions by asserting the FDCPA and VCPA do not contain process server exceptions – when the statutes are clear and unambiguous and the case law is

substantial – then taking great pains to find an "exception" to the process server carve out: "sewer service":

> "the [FDCPA and VCPA] contains no such 'express exclusions' for process servers. Further, the exclusions found within the FDCPA does [sic] not apply to claims where, as here, the Plaintiff alleges that the Defendant actually did not serve process. Courts have sometimes referred to this as 'sewer service'… (Opposition at Page 1)

7. Nowhere in the Complaint did Plaintiff allege that M.T.G. engaged in fraudulent behavior, yet now, intentionally disregarding Virginia Code §8.01-271.1, and in a reckless and defamatory manner, Plaintiff falsely accuses M.T.G. of engaging in "sewer service" citing *Sykes v. Mel Harris and Associates, LLC*, 757 F. Supp. 2d 413 (S.D.N.Y. 2010); *Spiegel v. Judicial Attorney Servs. Inc.*, No. 09C 7163, 2011 WL 382809, at *1 (N.D. Ill. Feb. 1, 2011); *Holmes v. Electronic Document Processing, Inc.*, 966 F. Supp. 2d 925 (N.D. Cal. 2013). In these cases, the courts have defined sewer service as: "***deliberately failing to serve a debtor*** and [knowingly] ***filing a fraudulent affidavit*** attesting to service so that when the debtor later fails to appear in court, a default judgment is entered against him."

8. Notably, Plaintiff alleged fraud against Defendants Renaissance and Landmark, in COUNT SEVEN, **but not M.T.G.** Plaintiff did not allege fraud against M.T.G. because M.T.G. did nothing fraudulent, and to now assert, imply, or even insinuate that M.T.G. engaged in sewer service is unconscionable, defamatory, and demonstrates bad faith.

9. Plaintiff's Complaint is replete with hyperbole, demonstrably false applications of the Consumer Credit Protection statutes, and, remarkably, defines Defendant Landmark Property Services, Inc.'s actions as "in complete violation of Virginia Code 8.01-271.1" yet Plaintiff has no problem making false accusations against M.T.G. when there is no basis in fact or law for those allegations.

10.     After a reasonable inquiry into the publicly available facts and the relevant statutes, it would appear[1] that the logical inference, given the fact pattern of this case, would be [if any of the defendants were, in fact, debt collectors as defined by the statute] the FDCPA violation(s) alleged (1) were "not intentional"; (2) were "a bona fide error"; and (3) occurred despite the maintenance of procedures "reasonably adapted to avoid any such error." See 15 U.S.C. § 1692k(c); see also *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009).

11.     Now, however, Plaintiff restates and in fact misstates M.T.G's actions in order to avoid culpability under the very statutes she wants this Court to uphold on her behalf; however, only when the statute is interpreted in her favor.  A hastily drafted Complaint replete with errors is sloppy, but willfully accusing M.T.G. of knowingly filing false affidavits with the Court is sanctionable.

12.     Pursuant to Rule 54(d)(1) Fed. R. Civ. P.  District Courts have discretion to award costs to prevailing defendants "[u]nless a federal statute…provides otherwise."  (A district court may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment.) *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1171 568 U.S. 2, 185 L. Ed. 2d 242 (2013). However, in this case, Plaintiff's actions have risen to the level of bad faith and for the purpose of harassment.

13.      M.T.G. hereby restates for this Court, that, as a matter of law, there are no genuine issues of material fact to be tried vis-à-vis M.T.G.; the statutes by which Plaintiff seeks remedy specifically exclude process servers, and allow recovery for defendant process servers who prevail in such actions.  In support thereof, M.T.G. has shown, and Plaintiff's subsequent actions have demonstrated the Complaint was filed in express violation of 15 U.S.C. 41 – Consumer Credit Protection, *et seq.,* specifically 15

---

[1] A reasonable inquiry into the allegations reveals Defendant Renaissance Mayfair filed an Unlawful Detainer on 10/30/2014 Case No: GV14038595-00 against friends Sarah Tewalt (now married a/k/a Sarah Thrul) and Amy Barber. The hearing was held on 11/12/2014, a default judgment entered for $823.00 plus costs and Writ issued 03/03/15.  It appears only Mrs. Thrul has filed a cause of action under the allegations presented to this Court.

U.S.C. § 1962a(6)(D), 15 U.S.C. § 1601 and Virginia Code § 59.1-199(C), as upheld by applicable case law, and in bad faith as shown herein.

WHEREFORE, Defendant M.T.G. respectfully requests this Honorable Court grant its previously filed *Motion for Judgment on the Pleadings*, enter a judgment in their favor as a matter of law, and award Defendant's reasonable attorney's fees and costs for having to defend this baseless, and now defamatory cause of action.

                                    Respectfully Submitted,

                                    M.T.G. PROCESS SERVERS, LLC
                                    By: _____/s/__Richard J. Knapp_____
                                                    Of Counsel

Richard J. Knapp [V.S.B. 15834]
Richard J. Knapp, P.C.
2800 Patterson Avenue, Suite 101
Richmond, Virginia 23221
Telephone: 804-377-8848, ext. 3#
Facsimile:  804-377-8851
Email: Richard@rknappesq.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 4th, 2015, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing to:

Donald E. Morris
Law Office Anthony K. Jones
3957 Westerre Parkway, Suite 320
Richmond, VA 23233
Tel:    804-934-2682
Fax:    312-894-3548
Email: Donald.morris@cna.com

Counsel for Landmark Property Services, Inc.

James L. Hoyle
Kalabaugh Pfund & Messersmith, PC
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
Tel:    804-521-6446
Fax:    804-320-6312
Email: lee.hoyle@kpmlaw.com

Counsel for Renaissance Mayfair, LP

Matthew J. Erausquin, VSB #65434
Casey S. Nash, VSB # 84261
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    703-273-7770
Fax:    888-892-3512

Email: matt@clalegal.com
casey@clalegal.com

/s/ Richard J. Knapp
Richard J. Knapp [V.S.B. 15834]
Richard J. Knapp, P.C.
2800 Patterson Avenue, Suite 101
Richmond, Virginia 23221
Telephone: 804-377-8848, ext. 3#
Facsimile: 804-377-8851
Email: Richard@rknappesq.com