**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

SARAH THRUL f/k/a SARAH TEWALT,       :
                                      :
        Plaintiff,                    :
                                      :
v.                                    :         Civil Action No. 3:15-cv-623
                                      :
LANDMARK PROPERTY                     :
SERVICES, INC., *et al.,*             :
                                      :
        Defendants.                   :

<u>**RESPONSE TO ORDER TO SHOW CAUSE**</u>

In response to this Court's Order to Show cause directed to Plaintiff, Ms. Thrul respectfully submits that M.T.G. Process Servers, LLC ("M.T.G.") has provided no legal or factual basis for its claim for attorney's fees, there is presently no proper posture for an award of sanctions, and Plaintiff's claim was filed in good faith.[1]

The Fair Debt Collection Practices Act ("FDCPA") governs process servers as debt collectors. *See, e.g.*, *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1073 (N.D. Cal. 2011); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998). This is true *unless* they come within the statutory exemption. The Fair Debt Collection Practices Act ("FDCPA"), at § 1692a(6)(D), *exempts* from the term "debt collector" "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." The express exemption for persons while engaged in the activity of serving legal process is a textual recognition by Congress that process serving is debt collection and that a process server

---

[1] The Court should know that neither of Plaintiff's counsel has ever been sanctioned. This matter is the first of its kind. No matter what becomes of this, they apologize to the Court for failing to provide an initial defense of their otherwise good faith filing and failing to fully explain why the dismissal was taken in lieu of that opposition. The Court has enough to do beyond policing such filings.

would be a debt collector—absent the exclusion. "It follows that a process service company like ABC or an individual process server like Smith, who legally and properly serves process in connection with the enforcement of a debt on a regular basis, would also be a debt collector but for the FDCPA's exemption." *Freeman v. ABC Legal Servs. Inc.*, 827 F. Supp. 2d 1065, 1073 (N.D. Cal. 2011). Conversely, a person who is not serving legal process is not within the exemption. *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Accordingly, we find that the § 1692a(6)(D) exception does not apply to the § 711 notice that Heiberger sent to Romea, both because the notice was not "legal process" and because Heiberger's involvement extended beyond mere service of the notice on Romea.")

Here, Plaintiff's position was that the service did not comply with state law: Plaintiff did not live at the service address even though the process server falsely swore that she did (and at least implicitly swore that it knew that she did), resulting in a default.[2] The action thus was not service of legal process. Numerous courts agree that a "false service of process used in the process of collecting a debt can dissolve the FDCPA's 'process servicer' exemption and thereby render the process servicer a debt collector, which is the third element of an FDCPA claim. The false service of process also qualifies as a violation of the FDCPA, which is the fourth and final element of an FDCPA claim." *Long v. Nationwide Legal File & Serve, Inc.*, 2013 WL 5219053, at *15 (N.D. Cal. Sept. 17, 2013); *see also Sanchez v. Abderrahman*, 2014 WL 4919153, at *4 (E.D.N.Y. Aug. 12, 2014); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010);[3] *accord Bowens v. LR Credit 10 LLC*, 2011 U.S. Dist. LEXIS 143737, at *12–

---

[2] The Virginia Beach General District Court has subsequently vacated the default judgment because of this defect in service.

[3] *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 91 (2d Cir. 2015) ("Samserv was kept in this litigation with respect to the FDCPA claims on the basis that it could not claim the benefits of the FDCPA's exemption for process servers on the grounds that the district court

2

13 (W.D.N.Y. Dec. 5, 2011); *Freeman v. ABC Legal Servs., Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011); *McNall v. Credit Bureau of Josephine Cnty.*, 689 F. Supp. 2d 1265, 1277-78 (D. Or. 2010); *Andrews v. S. Coast Legal Servs., Inc.*, 582 F. Supp. 2d 82, 88-89 (D. Mass. 2008); *Flamm v. Sarner & Assocs., P.C.*,  2002 WL 31618443 (E.D. Pa. Nov. 6, 2002).

M.T.G. had the burden of showing that it came within the narrow exemption. *Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 362 (3d Cir. 2015). It did not meet that burden. M.T.G also claims that it could have shown a bona fide error defense (Doc. No. 9 at 4). But M.T.G. did not have to litigate either option because Plaintiff withdrew her claim against M.T.G.

## I.      NO FEES SHOULD BE AWARDED AGAINST THE PLAINTIFF.

It is a basic FDCPA proposition that "we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'" *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995); *see also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978) ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation").

The plain language of the FDCPA precludes the award of fees against the Plaintiff: [4]

§ 1692k. Civil liability

(a) Amount of damages . . .

---

concluded, at the motion to dismiss stage, that plaintiffs adequately alleged that Samserv engaged in sewer service. *Sykes I,* 757 F. Supp. 2d at 423.")

[4] The FDCPA allows for fees only against the consumer plaintiff—not against the attorney. *Hyde v. Midland*, 567 F.3d 1137, 1141-42 (9th Cir. 2008) (fees may not be awarded against attorney).

(3) . . . On a finding by the court that an action under this section was <u>brought</u> in bad faith <u>and</u> for the purpose of harassment, the court <u>may</u> award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(emphasis added.)  Although the FDCPA breaks with the "American Rule" that each party bear its own fees, it does not allow a reciprocal award of fees generally to the "prevailing party."[5] Instead, a prevailing debt collector may be awarded fees only in the limited circumstances recited in 15 U.S.C. § 1692k(a)(3). That provision reassures the consumer, already vulnerable by reason of being in debt and unable to afford an attorney, that the risk lies not with *losing*, but solely with *bringing* an action in bad faith *and* for purpose of harassment.

The FDCPA provision allowing fees to a defendant uses the word "may," not "shall." Moreover, the conditions precedents are in the conjunctive ("and").   The words "may," "and," and "brought" are central to the interpretation of a fee-shifting statute. The FDCPA standard for defendant's fees is more stringent than the "prevailing party" standard discussed in *Christiansburg*, and the word "may" highlights Congress's preference against awarding fees to the FDCPA defendant other than in exceptional circumstances. *See Christiansburg*, 434 U.S. at 421-22.

The plain language of the FDCPA allows fees to be awarded to a defendant only if the action was <u>brought</u> in bad faith <u>and</u> for the purpose of harassment. "Bring an action" means "to sue; institute legal proceedings." Black's Law Dictionary 205 (8th ed. 2005).   Congress

---

[5] Even if the law changed and the "prevailing party" standard applied, the Fourth Circuit has recognized that "public policy objectives inherent in encouraging private plaintiffs to seek redress of [statutory] violations" is contravened by awarding fees to a prevailing defendant. *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 276 (4th Cir. 2013) (complaint must have been "frivolous, unreasonable, or without foundation," under the prevailing party standard). "The court's focus must be on the merit of the case, not the outcome." *Bobby v. Sch. Bd. of City of Norfolk*, 54 F. Supp. 3d 466, 471 (E.D. Va. 2014) ("In this case, despite the shortcomings in Plaintiffs' arguments, they were not frivolous, unreasonable or without foundation." *Id*. at 474.

confirmed this limiting usage in other provisions of the FDCPA. For example, a debt collector may "bring" an action only in certain venues. 15 U.S.C. §1692i. Similarly, an FDCPA action can be "brought" in any appropriate court, and only within one year of the violation. 15 U.S.C. § 1692k(d). The word "brought" grammatically refers to the time when the action was filed, not to any later conduct. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) (an action is "brought" when it is tendered to the clerk for filing).

M.T.G. made no effort to show either element.[6] First, it did not assert any factual basis for bad faith in *bringing* the FDCPA portion of the action. What happened *after* the case was brought is irrelevant under the plain language of the FDCPA. Mere inartful pleading and failure to state a claim does not demonstrate that an action was brought in bad faith. *Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 97 (2d Cir. 2010) (finding that there was no bad faith merely because "the action was meritless and properly dismissed on the pleadings"). Second, M.T.G. did not even imply any purpose of harassment.

The Ninth Circuit rejected claims like M.T.G. would make herein:

> We are inclined to find Guerrero's counsel's aggressive use of the Act unworthy of commendation, and are skeptical of his claim that even he, an experienced consumer protection attorney, found the two letters confusing and misleading. Nevertheless, Guerrero's argument that the letters would mislead the least sophisticated debtor is **minimally colorable**. RJM offers **no evidence, other than its conclusory assertion** that Guerrero's claims were frivolous, to support a

---

[6] The Plaintiff recognizes that the Court issued the Show Cause on a basis other than as sought by M.T.G. and she does not dispute the seriousness of this Order. However, it is worth noting that no Rule 11 motion has actually been made. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.") Further, no Rule 54 motion for attorney's fees is before the Court.

5

finding that Guerrero's claims were necessarily brought in bad faith and with the purpose of harassing RJM.

*Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 940-41 (9th Cir. 2007) (emphasis added).

Because Plaintiff did not bring this case in bad faith or to harass M.T.G., no fees can or should be awarded against the Plaintiff under the FDCPA.

## II.    BY ITS TERMS, 28 U.S.C. §1927 DOES NOT APPLY.

In this action, a §1927 sanction is not comparable to a Rule 11 sanction. While the later may apply to any attorney filing, 28 U.S.C. §1927 applies only to the improper *continuation* (multiplication) of litigation. On November 19, 2015, M.T.G. filed a three-page motion to dismiss. Doc. No. 3 (with no separate brief). On December 3, Plaintiff dismissed.[7] Yet, on December 4, M.T.G. filed a 5-page response asking that its "motion for judgment on the pleadings" be granted, with fees. Plaintiff respectfully submits that it is M.T.G. that has unreasonably, and plainly vexatiously, multiplied these proceedings by requesting fees.[8]

28 U.S.C. § 1927 provides:

---

[7] As referenced in her Response to M.T.G.'s Motion to Dismiss the Complaint, Plaintiff elected to dismiss her claim against M.T.G. because it appeared that Plaintiff's primary objective in bringing this federal suit—mitigating her damages stemming from the improper state court judgment—would be achieved by other means, primarily resolution of the case with the other defendants with vacatur of the judgment in the Virginia Beach General District Court. Therefore, notwithstanding the validity of her claim against M.T.G., she dismissed M.T.G. from the suit by way of amendment. She intended that this would reduce the litigation burden on both parties and on the Court. Since the filing of her Amended Complaint, she has had several conversations regarding resolution of the case with the remaining two defendants. Further, her motion to vacate has now been granted by Judge Iaquinto of the General District Court. In fact, the judgment against her co-Defendant, who also did not live in the apartment at the time of the unlawful detainer action and who similarly had to hire counsel to resolve her issue, had been vacated and dismissed with prejudice (by consent of the parties) on November 17, 2015.

[8] While under all circumstances the Plaintiff would continue to recognize the seriousness of the Show Cause Order and the need to make this explanation to the Court, the Court should know that both Plaintiff's counsel and the undersigned separately reached out to M.T.G. lawyer to try determine any asserted fee demand. Defendant's counsel refused to even provide a fee amount, stating instead, "I am unable to supply that information at this time. Our client's attorney's fees is not the only issue for determination before the District Court."

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

On the face of the record herein, Plaintiff did not multiply the proceedings. She merely dismissed the case. There were no "excess" attorneys' fees incurred *because* of her conduct.

"Section 1927 focuses on the conduct of the litigation and not on its merits." *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999) ("The unambiguous text of § 1927 aims only at attorneys who *multiply* proceedings.") (emphasis in original.) "[U]nsupported conjecture, that the [party] filed [motions] in bad faith or that they unreasonably and vexatiously multiplied the proceedings" is insufficient to warrant §1927 penalties. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522-23 (4th Cir. 2012). Moreover, "Commencing a proceeding is not the same as multiplying a proceeding . . . Consequently, we join an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action." *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65-66 (1st Cir. 2008) (citing, *inter alia*, *DeBauche*, 191 F.3d at 511).

A party may protract the litigation by *refusing* to dismiss a case. *Salvin v. Am. Nat. Ins. Co.*, 281 Fed. Appx. 222, 226 (4th Cir. 2008). That is the opposite of what happened here. In fact, in an analogous case, this Court held, "Defendant filed only one motion three pages in length. For the foregoing reasons, the Court denies Plaintiff's request for attorney's fees." *Allie v. Whole Foods Mkt. Group, Inc.*, 746 F. Supp. 2d 773, 778 (E.D. Va. 2010).

Under the plain language of §1927 and under these circumstances, sanctions and attorney's fees cannot be awarded.

### III.   FILING THE COMPLAINT DID NOT VIOLATE RULE 11(b).

*Sua sponte*, the Court asked Plaintiff to address whether filing the complaint violated Fed. R. Civ. P. 11(b). No monetary sanctions may be awarded against the Plaintiff, because she was a represented party and because the action had been voluntarily dismissed by the date of the order. Fed. R. Civ. P. 11(c)(5). No Rule 11 sanctions may be awarded for time spent after dismissal of M.T.G. *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 314 (E.D. Va. 2004) ("sanctions based on attorney's fees may only account for fees incurred in responding to the sanctioned claims.").

Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). *Lewis v. W. Virginia Supreme Court of Appeals*, 985 F. Supp. 2d 776, 780 (S.D. W. Va. 2013).

> However, merely "asserting a losing legal position . . . is not of itself sanctionable conduct." *Hunter v. Earthgrains Co. Bakery,* 281 F.3d 144, 151 (4th Cir. 2002). According to the Advisory Committee Notes to Rule 11, "the extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account in determining whether" the rule has been violated. Fed. R. Civ. P. 11 advisory committee note to 1993 Amendments.

*Id.*  As Plaintiff set forth at the outset, there is more than a colorable claim that illegal service of process is subject to the FDCPA. Fed. R. Civ. P. 11(b)(2). "Defendants have put forward no evidence to show that [ ] counsel did not undertake a reasonable pre-filing investigation nor have they put forward any evidence that would tend to show objectively that [ ] counsel did not believe the statements could be verified during discovery."  *Stradtman v. Republic Services, Inc.*, 2015 WL 4668402, at *2 (E.D. Va. Aug. 5, 2015) (denying Rule 11 and §1927 sanctions).  The facts and the law are subject to differing interpretations. Fed. R. Civ. P, 11(b)(3). There can be no showing of purposeful harassment, and Plaintiff's dismissal is just the opposite of "needlessly

increasing the cost of litigation." Fed. R. Civ. P. 11(b)(1).   Finally, there is no meaningful additional deterrent purpose for a sanction as the present Show Cause Order is more than sufficient to caution and give Plaintiff's counsel significant pause regarding this and other such cases in the future. This is the first such order and it will expectedly be the last.

### CONCLUSION

Plaintiff respectfully requests that no sanctions be awarded. She requests the opportunity to challenge the reasonableness of any fee application if the Court sees fit to award fees to M.T.G.

Respectfully submitted,
**SARAH THRUL f/k/a SARAH TEWALT**


By: _____/s/_____
                    Of Counsel

Leonard A. Bennett, VSB No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:    (757) 930-3660
Fax:    (757) 257-3450
Email:  lenbennett@clalegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2015, I electronically filed the foregoing document using the Court's CM/ECF system, which sent notification of such filing to:

Donald E. Morris
Law Office Antony K. Jones
3957 Westerre Pkwy, Suite 320
Richmond, VA 23233
Tel:     (804) 934-2682
Fax:     (312) 894-3548
Email: donald.morris@cna.com

Kenneth C. Hirtz
Law Offices of Roya Palmer Ewing
3957 Westerre Pkwy, Suite 214
Richmond, VA 23233
Tel:     (804) 934-2647
Fax:     (312) 894-3548
Email: kenneth.hirtz@cna.com

*Counsel for Landmark Property Services, Inc.*

James L. Hoyle
Kalbaugh Pfund & Messersmith PC
901 Moorefield Park Dr., Suite 200
Richmond, VA 23236
Tel:     (804) 521-6446
Fax:     (804) 320-6312
Email: lee.hoyle@kpmlaw.com

*Counsel for Renaissance Mayfair, LP*

Richard J. Knapp
Richard J. Knapp, P.C.
2800 Patterson Avenue, Suite 101
Richmond, Virginia 23221
Telephone: 804-377-8848, ext. 3#
Facsimile: 804-377-8851
Email: Richard@rknappesq.com

*Counsel for M.T.G. Process Servers, LLC*

_____/s/_____
Leonard A. Bennett, VSB No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel:     (757) 930-3660
Fax:     (757) 930-3662
Email:  lenbennett@clalegal.com
*Counsel for Plaintiff*

10